UNITED STATES of America

v.

John MARTORANO.

Crim. No. 84-0032.

United States District Court,
E.D. Pennsylvania.

Sept. 4, 1984.

David E. Fritchey, Sp. Atty., Philadelphia Strike Force, U.S. Dept. of Justice, Philadelphia, Pa., for plaintiff.

Raymond M. Brown, Brown, Brown, & Furst, Newark, N.J., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

A jury has found the defendant, John Martorano, guilty on Count Three of Indict-

ment No. 84–00032, charging him with knowingly making false statements and concealing facts in relation to a document required by the Employee Retirement Income Security Act of 1974 (ERISA), in violation of Title 18 U.S.C. § 1027. Section 1027 provides in pertinent part:

> Whoever, in any document required by title I of the Employee Retirement Income Security Act of 1974 ... to be published, or kept as part of the records of any employee welfare benefit plan ... or certified to the administrator of any such plan, makes any false statement or representation of fact, knowing it to be false, or knowingly conceals, covers up, or fails to disclose any fact the disclosure of which is required by such title or is necessary to verify, explain, clarify or check for accuracy and completeness any report required by such title to be published or any information required by such title to be certified [shall be guilty of a crime].

Count Three of the Indictment alleged that the defendant knowingly made false statements and concealments of fact in a "utilization report" dated April 9, 1981, which the defendant signed and submitted to the Teamsters Local 837 Health and Welfare Fund.

The defendant has moved for a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure, or, in the alternative, for a new trial pursuant to Rule 33, on the ground that the evidence produced at trial was insufficient to support a guilty verdict. At oral argument, the defendant also contended, as he had unsuccessfully in his pre-trial motions, that § 1027 does not as a matter of law apply to him or to the conduct with which he is charged. For the reasons which follow, the defendant's motion for a judgment of acquittal, or in the alternative for a new trial, will be denied.

■ On a motion for judgment of acquittal, the Court is "required to view the evidence in the light most favorable to the prosecution and to draw all reasonable inferences therefrom in the prosecution's fa-

vor." *United States v. Ashfield,* 735 F.2d 101, 106 (3d Cir.1984), citing *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942). Viewing the evidence in this light, the trial court is obliged to uphold the verdict unless no rational jury could conclude beyond a reasonable doubt that the government has proved all the elements of the offense charged. *Id; see also Burks v. United States,* 437 U.S. 1, 16–17, 98 S.Ct. 2141, 2149–2150, 57 L.Ed.2d 1 (1978); *United States v. Doan,* 710 F.2d 124, 126–27 (3d Cir.1983). On the other hand, a motion for a new trial on the ground that the verdict is against the weight of the evidence is directed to the sound discretion of the trial court, which may weigh the evidence but may set aside a verdict and grant a new trial only if it determines that the verdict constitutes a miscarriage of justice. *United States v. Phifer,* 400 F.Supp. 719, 723 (E.D.Pa.1975), *aff'd* 532 F.2d 748 (3d Cir. 1976). The Court must also grant a new trial if there is a reasonable probability that trial error could have had a substantial influence on the jury's decision. *See Government of Virgin Islands v. Bedford,* 671 F.2d 758, 762 (3d Cir.1982); *United States v. Mastro,* 570 F.Supp. 1388, 1390 (E.D.Pa.1983). In the present case, the evidence was amply sufficient to support the jury's verdict under both the Rule 29 standard and the Rule 33 standard, and the defendant's legal arguments are without merit.

### Sufficiency of the Evidence

■ The defendant contends that the evidence produced by the government was insufficient to support a guilty verdict. Four essential elements must be proved beyond a reasonable doubt before a defendant may be found guilty under 18 U.S.C. § 1027: (1) that the defendant made a false statement or representation of fact, or concealed, covered-up, or failed to disclose a fact; (2) that the defendant did so knowingly; (3) that the false statement or representation of fact was made in a document required by Title I of ERISA to be publish-

ed, or kept as part of the records of any employee welfare benefit plan, or certified to the administrator of any such plan, and any concealment, cover-up, or failure to disclose was of a fact the disclosure of which is required by Title I or is necessary to verify, explain, or check for accuracy and completeness any information required by such title to be published or certified; and (4) that the employee welfare benefit plan in question was an employee welfare benefit plan within the meaning of and subject to Title I of ERISA, 29 U.S.C. §§ 1002 and 1003. *See United States v. S & Vee Cartage Co., Inc.*, 704 F.2d 914 (6th Cir.), *cert. denied* — U.S. —, 104 S.Ct. 343, 78 L.Ed.2d 310 (1983). It was undisputed in this case that the Local 837 Health & Welfare Fund was an employee welfare benefit plan within the meaning of and subject to Title I of ERISA.

In April of 1981 the defendant was the sole shareholder, director, and sole officer of Amma Health Center, Inc. (AMMA). AMMA was a medical services provider which provided outpatient medical services to the members of Local 837 pursuant to a contract between AMMA and the Local 837 Health & Welfare Fund (Fund). At the request of the Fund administrator, the defendant submitted a "utilization report" to the Fund dated April 9, 1981 (Ex. G–13). This report, submitted on AMMA's letterhead and signed by the defendant, purported to be a "utilization report for out-patient services" provided by AMMA to Local 837 members for the period October, 1978 through December, 1978, and for the period January, 1979 through December, 1979.

■ The April 9, 1981 "utilization report" stated that AMMA's "annual net profit" for the calendar year 1979 was $39,-305.21. This figure was calculated by first subtracting an entry labelled "Total dollar value of services rendered" ($162,471) from the total amount of premiums paid by the Fund to AMMA in 1979 ($234,623.50). From this result ($72,152.50) was subtracted an entry labelled "Cost of Administration (14%)" ($32,847.29), to arrive at an "Annual Net Profit" of $39,305.21. The

evidence showed, however, that the "total dollar value" figure was not an actual cost figure, and that in fact AMMA's actual expenditures to doctors and clinics for medical services provided to Fund members in 1979 was $30,402.75. (Ex. G–50, Tr. 46–122). The government introduced evidence showing that AMMA's annual net profit for 1979 was actually $86,339. (Tr. 46–131). Clearly, the jury rationally could have concluded that beyond a reasonable doubt the defendant's representation of AMMA's "annual net profit" as $39,305.21 in the April 9, 1981 utilization report was a "false statement or representation of fact" within the meaning of 18 U.S.C. § 1027.

■ The second element of the offense requires that the false statement, representation, or concealment of fact be made knowingly. An act of failure to act is done knowingly if done voluntarily and intentionally, and not because of mistake or accident. *United States v. S & Vee Cartage Co., Inc.*, 704 F.2d at 919; *United States v. Tolkow*, 532 F.2d 853, 859 (2d Cir.1976). Proof of specific intent is not required to establish a violation of § 1027. *United States v. S & Vee Cartage Co., Inc.*, 704 F.2d at 919; *United States v. Tolkow*, 532 F.2d at 858. Furthermore, as this Court instructed the jury, the government need not prove that the defendant was aware of any legal duties imposed upon him by ERISA, or that he was aware of the Fund's reporting requirements under ERISA, or that he intended to violate any law. *United States v. Tolkow*, 532 F.2d at 858.

■ In his requested jury instructions, the defendant contended that in order to establish a violation of § 1027 the government must prove that the defendant was aware of any legal duties imposed upon him by ERISA with respect to the submission of information contained in the "utilization reports" which he submitted to the Fund. Such a contention has been expressly rejected, *see United States v. Tolkow*, 532 F.2d at 858, and this Court properly denied the defendant's requested jury instruction.

In his post-trial motion the defendant contends that there was insufficient evidence of "fraudulent concealment as defined within 18 U.S.C. § 1027." However, § 1027 makes no mention whatsoever of "fraudulent concealment", and there is no basis upon which to conclude that a violation of § 1027 requires proof of fraud or actual reliance upon any false statement or concealment of fact. The statute requires only that the false statement of fact or representation of fact be made "knowingly". 18 U.S.C. § 1027; *United States v. S & Vee Cartage Co., Inc.*, 704 F.2d at 919.

At the time the defendant submitted the April 9, 1981 "utilization report" he was the sole shareholder, director, and sole officer of AMMA. There was ample evidence introduced at trial from which the jury rationally could have concluded beyond a reasonable doubt that the defendant knew that AMMA's actual annual net profit for 1979 was not the figure which he reported on the April 9, 1981 utilization report, and that therefore the defendant "knowingly" made a false statement or representation of fact within the meaning of 18 U.S.C. § 1027.

The third element necessary to establish a violation of 18 U.S.C. § 1027 requires that the false statement or false representation of fact be made in a document required by Title I of ERISA to be published, or kept as part of the records of any employee welfare benefit plan, or certified to the administrator of any such plan. Similarly, any concealment, cover-up, or failure to disclose must be of a fact the disclosure of which is required by Title I, or is necessary to verify, explain, clarify, or check for accuracy and completeness any report required by such title to be certified. Thus a knowing false statement of fact falls within the proscription of § 1027 if made in a document required by Title I of ERISA to be (a) published, (b) kept as part of the records of any employee welfare benefit plan, or (c) certified to the administrator of such a plan.

Title 29 U.S.C. § 1023(a)(1)(A) provides that an annual report shall be published and filed with the Secretary of Labor for every employee welfare benefit plan subject to the ERISA statutes. 29 U.S.C. § 1023 also sets forth the information which must be included in the published annual report of an employee welfare benefit plan. Section 1023(e) provides

If some or all of the benefits under the plan are purchased from and guaranteed by an insurance company, insurance service, or other similar organization, a report under this section shall include a statement from such insurance company, service, or other similar organization covering the plan year and enumerating—

(1) the premium rate or subscription charge and the total premium or subscription charges paid to each such carrier, insurance service, or other similar organization and the approximate number of persons covered by each class of such benefits; and

(2) the total amount of premiums received, the approximate number of persons covered by each class of benefits, and the total claims paid by such company, service, or other organization; dividends or retroactive rate adjustments, commissions, and administrative service or other fees or other specific acquisition costs paid by such company, service, or other organization; any amounts held to provide benefits after retirement; the remainder of such premiums; and the names and addresses of the brokers, agents, or other persons to whom commissions or fees were paid, the amount paid to each, and for what purpose....

In 29 U.S.C. § 1029 Congress authorized the Secretary of Labor to require, *inter alia*, that any information required to be submitted to him or filed with him pursuant to § 1023 (i.e., the annual report) must be submitted on "such forms as he may prescribe." The Secretary has by regulation prescribed that the annual report shall be submitted on a "Form 5500" and its attached schedules (e.g., Schedule A, "Insurance Information"). 29 U.S.C. § 2520.103–1(b)(1). The Form 5500 annual

report and its supporting schedules clearly are documents required to be "published" within the meaning of 18 U.S.C. § 1027, and any false statement of fact or representation of fact knowingly made in the Form 5500 or an attached schedule therefore is proscribed by 18 U.S.C. § 1027.

 29 U.S.C. § 1027 concerns the "retention of records" with respect to the ERISA reporting requirements, and describes the kind of documents which must be "kept as part of the records of any employee welfare benefit plan" within the meaning of 18 U.S.C. § 1027. 29 U.S.C. § 1027 provides in pertinent part

> Every person subject to a requirement to file any description or report or to certify any information therefor under this subchapter ... shall maintain records on the matters of which disclosure is required which will provide in sufficient detail the necessary basic information and data from which the documents thus required may be verified, explained, or clarified, and checked for accuracy and completeness, and shall include vouchers, worksheets, receipts, and applicable resolutions, and shall keep such records available for examination for a period of not less than six years after the filing date of the documents based on the information which they contain, or six years after the date on which such documents would have been filed. . . .

Any false statement of fact or concealment of fact knowingly made in a document required to be "kept" under this section (even if such document itself may not be required to be "published") falls within the purview of the criminal statute, 18 U.S.C. § 1027.

 Finally, 18 U.S.C. § 1027 also proscribes any false statement of fact or representation of fact knowingly made in any document "required to be certified to the administrator" of any employee welfare benefit plan. 29 C.F.R. § 2520.103–5 is entitled "Transmittal and certification of information to plan administrator for annual reporting purposes," and provides, *inter alia*, that "an insurance carrier or other organization which provides funds from its general asset account for the payment of benefits under a plan" shall, upon request of the plan administrator, provide "such information as it contained within the ordinary business records of the insurance carrier or other organization and is needed by the plan administrator" to file the annual report. *See* 29 C.F.R. § 2520.103–5(d). Any false statement of fact or representation of fact knowingly made in any document "required to be certified to the administrator" of any employee welfare benefit plan is proscribed by 18 U.S.C. § 1027.

 In this case, AMMA indisputably was "an insurance company, insurance service, or other similar organization" providing benefits to the Fund within the meaning of 29 U.S.C. § 1023(e). Therefore, the insurance information set forth in 29 U.S.C. § 1023(e) was required to be included in the Fund's annual report (i.e., the Form 5500 and Schedule A) for 1979. Although this Court submitted to the jury the issue of whether the April 9, 1981 utilization report is a "document" required to be "published or kept" within the meaning of 18 U.S.C. § 1027, it is apparent that the April 9, 1981 utilization report is as a matter of law such a "document" within the meaning of the criminal statute. In any event, the jury rationally concluded beyond a reasonable doubt that the April 9, 1981 "utilization report" was a document within the purview of 18 U.S.C. § 1027. This Court has concluded that there was ample evidence from which the jury could rationally have concluded that each of the essential elements necessary to establish a violation of 18 U.S.C. § 1027 with respect to Count Three was proven beyond a reasonable doubt.

### Applicability of 18 U.S.C. § 1027 to the Defendant

At oral argument the defendant contended, as he had in his pre-trial motions, that 18 U.S.C. § 1027 does not, as a matter of law, apply to a medical services provider such as AMMA. The primary basis for this contention apparently is the fact that

three of the four reported cases involving prosecutions brought under 18 U.S.C. § 1027 have dealt with fiduciaries of employee benefit funds. *See United States v. Tolkow,* 532 F.2d 853 (2d Cir.1976); *United States v. Santiago,* 528 F.2d 1130 (2d Cir.), *cert. denied,* 425 U.S. 972, 96 S.Ct. 2169, 48 L.Ed.2d 795 (1976); *United States v. McCrae,* 344 F.Supp. 942 (E.D.Pa.1972).

In *United States v. S & Vee Cartage Co., Inc.,* 704 F.2d 914 (6th Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 343, 78 L.Ed.2d 310 (1983), the Sixth Circuit expressly rejected the contention that § 1027 applies only to fund fiduciaries, and held that employers who committed any of the proscribed conduct in § 1027 could be held criminally responsible. The court stated

We find the arguments of appellants to be unimpressive. The statute, 18 U.S.C. § 1027, provides in broad language, unequivocally and without limitation, that "[w]hoever" knowingly makes any false statement or conceals facts in any documents required by Title I of the Employee Retirement Income Security Act of 1974 (E.R.I.S.A.) to be published, or kept by an employee benefit plan or certified to the administrator of any such plan, may be held criminally culpable. No differentiation is made between an employer or a fiduciary of an employee benefit or welfare fund ... "Whoever" clearly is sufficiently broad to include employers as well as fiduciaries. We conclude that appellants, as an "employer", are included within the provisions of § 1027.

*United States v. S & Vee Cartage Co., Inc.,* 704 F.2d at 916, 917. *See also Southwest Areas Pension Fund v. CRST,* 641 F.2d 616, 619 n. 1 (8th Cir.1981).

■ Similarly, in this case this Court has no difficulty in concluding that the "whoever" language of § 1027 is sufficiently broad to include medical services providers such as the defendant. As noted in *S & Vee Cartage Co.,* "[t]he only relevant limitation found in § 1027 deals with the type of documents containing false statements." 704 F.2d at 917. As discussed above, § 1027 expressly covers

false statements made in documents required by Title I of ERISA to be published, kept as part of the records of an employee welfare benefit plan, or certified to the administrator of such a plan. Documents containing information from insurance carriers or "other similar organizations" are included in these categories with respect to employee welfare benefit plans. Thus, it is clear that insurance carriers or "other similar organizations" such as AMMA are not excluded from the proscriptions of § 1027.

For all of the reasons set forth above, the defendant's motion for a judgment of acquittal or, in the alternative, for a new trial will be denied.