NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1202
_____

UNITED STATES OF AMERICA

v.

JONG SOON PARK,
                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-10-cr-00657-005)
District Judge:  Honorable Petrese B. Tucker
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 16, 2012

Before:  SCIRICA, FISHER and JORDAN, *Circuit Judges*.

(Filed: November 28, 2012 )
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

        Jong Soon Park appeals his judgment of conviction for conspiracy to defraud the

United States.  For the reasons stated below, we will affirm.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

Park is an English-speaking Korean national living in the United States as the spouse of an E-2 investor visa holder. In June 2008, at a Philadelphia restaurant, Park met with Michael Choi, his attorney, and with Michael Etemad, a man who Choi believed to be a potential employer for Park, but who actually was an undercover FBI informant. The purpose of the meeting was for Choi to convince Etemad, who had owned a garage in the United States, to employ Park, who had worked as an automotive electrical technician at Kia Motors in Korea, thereby allowing Park to acquire a permanent resident card under the federal government's skilled worker employment-based immigration program.

During the meeting, Choi proposed that Park work for Etemad as an automotive electrical technician. Etemad declined the offer, explaining that he had sold his garage, and that he probably had no work for an automotive electrical technician. Park countered that he would work for Etemad in any capacity without pay. Although there was no agreement in place, Choi repeatedly asked Etemad to sign a letter indicating that Park would work as an automotive electrical technician for $33,800 per year. Notwithstanding the terms of the letter, Choi suggested that Etemad could employ Park in any capacity

2

without pay.  Etemad refused to sign the letter.  At an immigration interview the next week, Park witnessed Choi submit on his behalf the letter with Etemad's forged signature to the United States Citizenship and Immigration Services ("USCIS").

Park was charged with one count of conspiring with Choi to defraud the United States in violation of 18 U.S.C. § 371, and with two counts of making false statements to the United States in violation of 18 U.S.C. § 1001.  At trial, the District Court granted the Government's motion to dismiss one of the false statement counts.  Park requested a jury instruction for a reliance on counsel defense, but he did not object to the District Court's denial of his request.  The jury found Park guilty on the conspiracy count and not guilty on the remaining false statement count.  After trial, Park moved for a judgment of acquittal on the basis that the evidence was insufficient to prove the conspiracy count.  The District Court denied the motion and sentenced Park to 4 years probation, a $5,000 fine, and a special assessment of $100.

Park timely appealed.  Before us, Park again claims that the evidence was insufficient to support the conspiracy conviction.  Park also contends that the District Court erred by refusing to give the jury instruction for a reliance on counsel defense.

## II.

The District Court had jurisdiction over this case pursuant to 18 U.S.C. § 3231, and we have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

3

Our review of the District Court's denial of Park's motion for a judgment of

acquittal based on the insufficiency of the evidence is plenary. *United States v.*

*Richardson*, 658 F.3d 333, 337 (3d Cir. 2011). We analyze whether "any rational trier of

fact could have found the essential elements of the crime beyond a reasonable doubt[,]"

*United States v. Dent*, 149 F.3d 180, 187 (3d Cir. 1998), construing all factual inferences

in the Government's favor. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) ("Once a

defendant has been found guilty of the crime charged, the factfinder's role as weigher of

the evidence is preserved through a legal conclusion that upon judicial review all of the

evidence is to be considered in the light most favorable to the prosecution.") (emphasis

omitted).

We review the District Court's refusal to give Park's requested jury instruction for

a reliance on counsel defense for abuse of discretion.[1] *United States v. Hoffecker*, 530

F.3d 137, 156 (3d Cir. 2008). A district court abuses its discretion if "(1) [a defendant]

proposes a correct statement of the law; (2) his theory is supported by the evidence;

(3) the theory of defense is not part of the charge; and (4) the failure to include an

instruction of the defendant's theory would deny him a fair trial." *Id.* at 176. However,

---

[1] The Government argues that our review should be for plain error because Park did not object to the District Court's refusal to give the requested jury instruction. *See generally Jones v. United States*, 527 U.S. 373, 384-95 (1999) (holding plain error review governs unpreserved objection to district court's refusal to give requested non-theory-of-defense jury instruction). However, we have explained that we review a district court's refusal to give a requested jury instruction on a theory of the defense for an abuse of discretion. *United States v. Maury*, 695 F.3d 227, 262 (3d Cir. 2012). We note that we would affirm under either standard of review for the reasons stated *infra* Part III.B.

4

"a defendant is not entitled to a judicial narrative of his version of the facts, even though such a narrative is, in one sense of the phrase, a 'theory of the defense.'" *Id.*

III.

A.

Park first argues that the evidence was insufficient to support his conspiracy conviction. To support a conspiracy conviction under 18 U.S.C. § 371, the Government must prove "(1) the existence of an agreement, (2) an overt act by one of the conspirators in furtherance of the objectives, and (3) an intent on the part of the conspirators to agree, as well as to defraud the United States." *United States v. Shoup*, 608 F.2d 950, 956 (3d Cir. 1979). For the third element, the Government must show that a conspirator "has knowledge of the conspiracy's illicit purpose when he performs acts which further that illicit purpose." *United States v. Klein*, 515 F.2d 751, 753 (3d Cir. 1975).

Here, the alleged agreement was to defraud the federal government's administration of its skilled worker employment-based immigration program, under which an alien may obtain a green card if he is qualified to fill a permanent, skilled position, for which there is no qualified United States worker. 8 U.S.C. § 1153(b)(3)(A)(i). The alleged overt act was Choi's submission on Park's behalf of the fraudulent letter to the USCIS at the immigration interview. Park challenges the Government's evidence supporting the third element of his conspiracy conviction.

5

Park claims that the Government failed to introduce evidence that he knew about Choi's fraudulent permanent resident card scheme. However, contrary to Park's assertion, the trial record reflects that at the meeting, Park first listened to Etemad explain that he had closed his garage, and that he probably had no work for an automotive electrical technician. Park then heard Choi repeatedly ask Etemad to sign a letter indicating that Park would work for Etemad as an automotive electrical technician for $33,800 per year. Park finally witnessed Etemad refuse to sign the letter. Despite Park's observations, he subsequently watched Choi submit on his behalf the fraudulent letter to the USCIS at the immigration interview.

It is true that there was no direct evidence of Park's participation in Choi's conspiracy. Nonetheless, Park's "knowledge and intent may be inferred from conduct that furthered the purpose of the conspiracy." *United States v. McKee*, 506 F.3d 225, 241 (3d Cir. 2007) (citing *Direct Sales Co. v. United States*, 319 U.S. 703, 711 (1943)). Resolving permissible inferences in the Government's favor, we hold that there was sufficient evidence for the jury to conclude beyond a reasonable doubt that Park intended to agree with Choi to defraud the United States in order to obtain permanent resident status. We will therefore sustain the verdict.

B.

Park also submits that the District Court erred by refusing to give the requested jury instruction for a reliance on counsel defense. The reliance on counsel defense

6

requires "full disclosure to counsel of all material facts and retention of counsel for advice and not to ensure the success of the fraudulent scheme." *United States v. Martorano*, 767 F.2d 63, 66 (3d Cir. 1985). The basis for the reliance on counsel defense is that "in relying on counsel's advice, [a] defendant lacked the requisite intent to violate the law." *United States v. Traitz*, 871 F.2d 368, 382 (3d Cir. 1989).

Here, the District Court did not err by refusing to give the requested jury instruction. No evidence was introduced demonstrating that Park relied on any advice from Choi about the legality of their permanent resident card scheme. Because there was no evidentiary support for a reliance on counsel defense, the District Court did not err in denying Park's requested jury instruction. *Hoffecker*, 530 F.3d at 156 (holding district court did not abuse its discretion in rejecting requested jury instruction for reliance on counsel defense due to lack of evidentiary support).

IV.

For the reasons stated above, we will affirm Park's judgment of conviction.