Philip LISS, also known as Gerald L. Drazin, also known as John Doe, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 89–3072.

United States Court of Appeals, Seventh Circuit.

Argued May 10, 1990.

Decided Oct. 4, 1990.

Rehearing Denied Dec. 4, 1990.

288

Dennis Doherty, Chicago, Ill., for petitioner-appellant.

Loretta H. Davenport, Barry R. Elden, Asst. U.S. Attys., Office of U.S. Atty., Criminal Receiving, Appellate Div., Chicago, Ill., for respondent-appellee.

Before COFFEY and KANNE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

COFFEY, Circuit Judge.

Defendant-appellant Philip Liss appeals the district court's denial of his motion under 28 U.S.C. § 2255 to vacate or set aside his guilty plea and sentence for willfully and knowingly making false statements in application for a passport in violation of 18 U.S.C. § 1542. We affirm.

I.

On November 18, 1988, a federal grand jury indicted Philip Liss on three counts: Count One charged Liss with a violation of 18 U.S.C. § 1542, using a false name, Gerald Lew Drazin, and giving an incorrect date of birth on his passport application; Count Two charged him with using a false social security number with intent to deceive and for the purpose of obtaining a United States passport, in violation of 42 U.S.C. § 408(g)(2); Count Three charged that he possessed a false identification document, a driver's license in the name of Gerald Lew Drazin, with intent that such document be used to defraud the United States, in violation of 18 U.S.C.

§ 1028(a)(4). On February 1, 1989, Liss entered into a plea agreement and entered a plea of guilty to Count One of the indictment.

In accordance with Fed.R.Crim.P. 11, the district court questioned Liss at the plea proceedings. During this colloquy, Liss admitted that he had had sufficient time to discuss the case with his attorney, he had told his attorney everything he knew about the case, and further that he was satisfied with his attorney's advice and efforts on his behalf. Liss stated that there were no promises made by the government to him other than those contained in the written plea agreement, and that no one had threatened or forced him to enter the plea of guilty. Liss admitted to the court that he had given false information to obtain a fraudulent passport, a driver's license, and a social security card under the assumed name of Gerald Lew Drazin.[1] Liss stated that his purpose was not to defraud, but to avoid being arrested on various outstanding warrants relating to code violations on buildings he owned. Based on a composite of the testimony as to the defendant's guilt as well as his competence to enter the plea of guilty, the court accepted the defendant's plea. Immediately prior to accepting the plea, the court asked the government whether specific intent to defraud was an element of the offense. The trial judge stated that if specific intent to defraud was an element of the offense, it would have difficulty accepting Liss' plea. The government advised the court that 18 U.S.C. § 1542 did not require specific intent to defraud.[2] The district court read the statute and determined that specific intent to defraud was not an element. The court stated that the statute required only specific intent to induce or secure the issuance of a passport.

The district court accepted the plea, found the defendant guilty of the crime charged, and sentenced Liss on March 22, 1989. At sentencing, Liss requested that the court take into consideration in determining his sentence that he had been advised by his attorney that the Assistant United States Attorney had attempted to have the charges reduced to misdemeanors, but her supervisor refused. The Assistant United States Attorney, upon hearing this, responded that Liss' remark was an incorrect statement, and nothing further was said on the subject. Neither defense counsel nor the court made any further reference nor inquiry into Liss' statement. The district court then once again addressed the issue of the requisite criminal intent under 18 U.S.C. § 1542. The district court stated:

"And I concluded after looking at the statute that it wasn't necessary to intend to defraud anyone. You simply had to know for purposes of the statute that the information you were submitting was false information, which you acknowledged at the time of your plea."

The district court imposed a sentence of three years' probation conditioning that he participate in a mental health program and that he file previously unfiled tax returns. The court also stated that if Liss successfully completed one year of probation, it would consider suspending the remainder of the term while placing him on unsupervised probation.

Liss did not file a direct appeal, but two months after sentencing, Liss filed a motion seeking collateral review pursuant to 28 U.S.C. § 2255 to vacate his sentence. Liss alleged in his motion that five to ten years prior to the offense, he sought the advice of his defense counsel prior to obtaining identification in the name of Gerald Lew Drazin, and that his attorney advised

---

1. Liss testified that he had looked through old newspapers for someone with vital statistics similar to his own and came across the obituary of Gerald Lew Drazin.

2. 18 U.S.C. § 1542 provides:

   "**False Statement in Application and Use of Passport.** Whoever willfully and knowingly makes any false statement in an application for passport with intent to induce or secure

the issuance of a passport under the authority of the United States, either for his own use or the use of another, contrary to the laws regulating the issuance of passports or the rules prescribed pursuant to such laws;

\*　　\*　　\*　　\*　　\*　　\*

Shall be fined not more than $2,000 or imprisoned not more than five years, or both."

him that there was nothing wrong with getting identification in another name as long as he did not make use of the false information to defraud anyone. Liss claims that this fact gave rise to an advice of counsel defense, and thus, his defense counsel was incompetent in failing to advise him that this excuse and defense was available to him. Furthermore, he challenges his defense counsel's failure to withdraw in order that he might be called to testify on Liss' behalf. Thus, because of his attorney's alleged incompetence, Liss claims that his plea was involuntary. Finally, Liss claims that the government misled the court in advising it that 18 U.S.C. § 1542 required only general intent; thus, the court accepted the plea when it otherwise would have rejected it.

The trial court denied Liss' motion for collateral review of his sentence without a hearing and found that specific intent to defraud was not an element of the offense under 18 U.S.C. § 1542, that Liss had failed to meet his burden of showing that his plea was involuntary, and that the defense raised by counsel met the standards of effective assistance of counsel. We affirm.

## II.

■ The only issue before the court is whether the denial of Liss' section 2255 motion was proper. Liss contends on appeal that the district court erred in dismissing his § 2255 petition without a hearing. Liss argues that his allegations, if taken as true, raise factual issues entitling him to an evidentiary hearing. However, "[m]erely raising a § 2255 motion does not automatically entitle the defendant to a hearing." *United States v. Politte*, 852 F.2d 924, 931 (7th Cir.1988). This court made clear in *Politte* that to allow indiscriminate hearings in federal post-conviction proceedings would eliminate the chief virtues of the justice system—speed, economy and finality. *Id.* In fact, "a judge should dismiss the petition without a hearing if it plainly appears from the facts of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." *Aleman v. United States*, 878 F.2d 1009, 1012 (7th Cir.1989) (quoting Rule 4(b) of the Rules Governing Section 2255 Proceedings). Liss' claims of incompetence of defense counsel and involuntariness of his plea both fall into this category, as will be explained *infra*.

This court on numerous occasions has addressed the problem where a petitioner raises for the first time collateral review issues which could and should have been more properly raised on direct appeal. We held that in such situations, a petitioner is not entitled to a hearing unless he can demonstrate cause for the failure to make a direct appeal and actual prejudice resulting from the alleged errors. *Qualls v. United States*, 774 F.2d 850, 851 (7th Cir. 1985). Liss' third ground for relief, that the government misled the district court as to the requisite intent under 18 U.S.C. § 1542, is an issue Liss could have, but failed to raise on direct appeal. Furthermore, Liss has not shown cause for his failure to make a direct appeal, much less prejudice from the alleged error. Therefore, the action of the district court in denying Liss a hearing was proper. *Qualls*, 774 F.2d at 851. We now address Liss' individual claims.

### A. Ineffective Assistance of Counsel

■ Liss first claims that his counsel's performance was unconstitutionally ineffective because the attorney failed to inform Liss of an "advice of counsel" defense. He asserted in his affidavit that counsel advised him in 1982 or 1983 that there was nothing wrong with assuming another name "so long as he did not defraud anyone or steal." Liss argued that he relied on this advice and asserted that if counsel had told him that assuming another name would lead to a criminal prosecution, he never would have done so. He asserted in his petition, and asserts on appeal, that counsel was ineffective in failing to advise him that he could have presented an "advice of counsel" defense to the charges, and consequently, in failing to withdraw as counsel since it was foreseeable that he would have had to testify in Liss' behalf in regard to this defense.

In order to establish a claim of ineffective assistance of counsel, Liss must demonstrate that his counsel made "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the sixth amendment." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). In the context of his guilty plea, Liss must also demonstrate that there is a reasonable probability that, but for counsel's errors, he "would not have pleaded guilty and would have insisted on going to trial." *Key v. United States*, 806 F.2d 133, 138 (7th Cir.1986) (quoting *Hill v. Lockart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). In order to establish an advice of counsel defense, a defendant must establish that: (1) before taking action, (2) he in good faith sought the advice of an attorney whom he considered competent, (3) for the purpose of securing advice on the lawfulness of his possible future conduct, (4) and made a full and accurate report to his attorney of all material facts which the defendant knew, (5) and acted strictly in accordance with the advice of his attorney who had been given a full report, *see* Devitt and Blackman, *Federal Jury Practice and Instruction*, 14.12 (3d Ed.1977). *See also United States v. Bush*, 599 F.2d 72, 76–78 (5th Cir.1979).

From our review of the record we are convinced that Liss failed to establish a valid advice of counsel defense. Initially, Liss did not inform counsel that he intended to apply for a United States passport using false identification. Instead, Liss merely discussed in vague terms the possibility of getting identification in another name. Liss also failed to inform counsel that his intention was not simply to call himself Gerald Lew Drazin, but rather to assume the identity of Gerald Lew Drazin, using his date of birth and social security number for purposes of avoiding being arrested on various outstanding warrants relating to code violations on buildings he owned. It is well settled that an advice of counsel defense is not available unless the evidence shows that the defendant gave complete and accurate information to the attorney of all the material facts known to the defendant. *United States v. Martovano*, 767 F.2d 63, 66 (3d Cir.1985), *cert. denied*, 474 U.S. 949, 106 S.Ct. 348, 88 L.Ed.2d 296 (1985). Liss' failure to inform counsel not only of his intention to use false information to acquire a passport but also his intention to assume the identity of Gerald Lew Drazin were material facts which would necessarily have been relevant to counsel's formulation of a legal opinion. Thus, the defendant is not entitled to rely on his counsel's general advice based on the incomplete information he received from his attorney as a shield from prosecution.

Moreover, Liss' argument that counsel was burdened with an actual conflict of interest likewise is without merit. This claim is premised on the theory that counsel was a potential witness to Liss' advice of counsel defense. However, "[i]n order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335, 348, 100 S.Ct. 1708, 1718, 64 L.Ed.2d 333 (1980). Because Liss was unable to meet the elements for an advice of counsel defense, counsel was under no actual conflict which would give rise to a Sixth Amendment violation.

### B. Involuntariness of Plea

Liss' second claim on appeal is that counsel's alleged ineffective assistance rendered his plea involuntary. For reasons discussed in the previous section, the advice of counsel defense was meritless, and a failure to raise this defense does not constitute ineffective assistance of counsel. *United States v. Carr*, 740 F.2d 339, 349 (5th Cir.1984).

Liss also alleges that his plea was involuntary because his attorney told him that the prosecutor wanted the charges reduced to a misdemeanor. Liss' allegations in his brief on appeal are at best confusing, but we decipher that he is somehow arguing that the prosecutor induced his guilty plea with a promise of reducing the charges to

misdemeanors and then denied the promise in court after obtaining the plea.

It is clear from the record that Liss' plea of guilty was accepted after full compliance with the requirements of Rule 11. The record reveals that Liss stated in response to the district court's questions that he understood the charges against him and had discussed them with his attorney, that he understood the maximum possible penalty he faced, that he was satisfied with his attorney's efforts and advice, and that there were no promises, threats or agreements made to induce him to plead guilty other than what was set forth in the written plea agreement. During the plea proceedings no mention was made of any promise or attempt by the prosecutor to have the charges reduced to misdemeanors. However, at the sentencing hearing, Liss asked the district court in determining his sentence to consider that he had been told by his attorney "that the prosecutor ... asked that the felony charges be reduced to a misdemeanor, but she was refused by her supervisor." The Assistant United States Attorney denied the same and responded that this was an incorrect statement. No further statements were made concerning Liss' allegations.

We have previously held that "[t]he record that is created by these [Rule 11] questions is accorded ... a 'presumption of verity.'" *United States v. Ellison*, 835 F.2d 687, 693 (7th Cir.1987) (quoting *Key v. United States*, 806 F.2d 133, 136 (7th Cir. 1988)). Further, this Court had held that "a defendant who simply files a motion to withdraw his plea on the ground that his plea was not voluntary, contrary to his assertions at the Rule 11 proceeding, faces a heavy burden of persuasion." *United States v. Ellison*, 835 F.2d 687, 693 (7th Cir.1987). Liss' allegation that he pled guilty in reliance on the charge being reduced to a misdemeanor is lacking in credibility. Counsel told him (assuming for purposes of *arguendo* that counsel did in fact tell him) that the prosecutor was unsuccessful in her attempt to have the charges reduced to misdemeanors prior to his change of plea. Therefore, Liss cannot claim any reliance on what the prosecutor

told counsel because Liss knew prior to the time of his appearance in court and his subsequent change of plea that the charges would not be reduced to misdemeanors. Moreover, when Liss raised the subject at sentencing, he simply asked the district court to consider, in determining his sentence, that the prosecutor *had attempted but failed in her effort to have the charges reduced to misdemeanors.* Liss never expressed any belief nor stated that the charges against him had been or were in fact going to be reduced. Therefore, Liss' allegation that he pled guilty in reliance on the charges being reduced falls far short of overcoming the "presumption of verity" accorded to his own testimony at the plea proceedings.

### C. Requisite Intent under 18 U.S.C. § 1542

■■ Liss' final claim is that the government misled the district court concerning the requisite intent under 18 U.S.C. § 1542, causing the district court to erroneously accept the plea. Because this is a matter which Liss could have raised on direct appeal, review is barred unless he can demonstrate cause for his failure to appeal as well as actual prejudice resulting from the errors alleged. *Norris v. United States*, 687 F.2d 899, 901 (7th Cir.1985). This court has applied this standard to guilty pleas in fact situations similar to Liss'. *Nevarez–Diaz v. United States*, 870 F.2d 417, 422 (7th Cir.1989). Liss had not offered any reason for raising this issue for the first time collaterally instead of on direct appeal. Thus, he has failed to satisfy the cause requirement of *Norris*.

■■ Furthermore, it does not appear that Liss was prejudiced because the record is clear that the prosecutor did not mislead the court as to the intent required to establish an offense under 18 U.S.C. § 1542. The following colloquy occurred between the court, the prosecution and defense counsel prior to the court's acceptance of Liss' plea:

"THE COURT: All right. Let me ask Miss Uhlarik. I don't have my Criminal

Code out here with me. Is intent, a specific intent to defraud, an element of this offense?

ASSISTANT U.S. ATTORNEY: I don't believe it is, your Honor. The count of the indictment that's

. . . . .

THE COURT: I think that is a critical factor in this case. If the specific intent to defraud is not an element of the case, I don't have a problem accepting the plea. I do if it is . . .

ASSISTANT U.S. ATTORNEY: Your Honor, based on my understanding of this— . . .

THE COURT: All right. Could you loan me your Title 18.

ASSISTANT U.S. ATTORNEY: Sure.

MR. DAVIS: I have the Code also, your Honor.

(Defense Counsel) I can.

THE COURT: Thank you. What specific provision?

ASSISTANT U.S. ATTORNEY: Your Honor, it's Title 18, § 1542.

THE COURT: Well, "knowingly and willfully," but I don't see any specific intent other than to induce or secure the issuance of a passport. All right. Well, I don't see that intent to defraud is an element. You might take a look at the case law Mr. Davis.

MR. DAVIS: I have, your Honor.

THE COURT: All right."

The district court heard and accepted Liss' plea of guilty, and neither the defense counsel nor the defendant made any objections. As is evident from the record, the prosecutor in no way misled the district court as to intent required to establish an offense under 18 U.S.C. § 1542. Furthermore, the record indicates that the court reached its own conclusion regarding the intent required to establish an offense.

---

**3.** 18 U.S.C. § 1542 provides:

**"False Statement in Application and Use of Passport.** Whoever willfully and knowingly makes any false statement in an application for passport with intent to induce or secure the issuance of a passport under the authority of the United States, either for his own use or

Finally, Liss was not prejudiced by the district court's decision which was based on its own independent reading and interpretation of the statute, 18 U.S.C. § 1542, and this determination was proper.[3] For a violation of § 1542 to occur, an individual must have specific intent to misstate information on a passport application: "The crime is complete when one makes a statement one knows is untrue to procure a passport." *United States v. O'Bryant,* 775 F.2d 1528, 1535 (11th Cir.1985); ("Good or bad motives are irrelevant."); *O'Bryant* at 1535 (citing *Browder v. United States,* 312 U.S. 335, 337–38, 61 S.Ct. 599, 601–02, 85 L.Ed. 862 (1941)). The district court properly concluded that Liss simply had to know for the purposes of the statute that the information he submitted was false. Liss admitted during plea proceedings that he knew his name was not Gerald Lew Drazin and his date of birth was not July 19, 1944, at the time he completed the application for the passport. He stated that he assumed the false identity in order that he might avoid being arrested on outstanding warrants. There is no question, based on these admissions, that Liss made false statements "willfully and knowingly . . . with intent to secure the issuance of a passport." 18 U.S.C. § 1542.

### III.

The district court's decision to deny Liss' section 2255 petition without a hearing is

AFFIRMED.

the use of another, contrary to the laws regulating the issuance of passports or the rules prescribed pursuant to such laws;

\* \* \* \* \* \*

Shall be fined not more than $2,000 or imprisoned not more than five years, or both."