929 F.2d 703
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Virgil JULIUS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 90-1900.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 15, 1991.
Decided April 4, 1991.
Rehearing Denied May 1, 1991.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin, No. 89 C 562, John W. Reynolds, Judge.
 E.D.Wis.
 AFFIRMED.
 Before POSNER, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Petitioner-appellant, Virgil Julius, proceeding pro se, appeals from an order of the district court denying his motion to vacate or set aside his guilty plea and sentence pursuant to 28 U.S.C. Sec. 2255. We affirm.
 
 
 2
 On March 2, 1982, a federal grand jury indicted Julius on one count of rape within Indian country, one count of assault with intent to commit murder and two counts of assault resulting in bodily injury. On June 15, 1982, Julius pleaded guilty to one count of forcible rape in violation of 18 U.S.C. Secs. 1153 and 2031. The government agreed to dismiss the other counts. Judge Robert W. Warren sentenced Julius to a twenty-five year prison term. Julius did not file a direct appeal.
 
 
 3
 On May 12, 1989, Julius filed a motion pursuant to 28 U.S.C. Sec. 2255 in which he argued that his guilty plea was not knowing, intelligent and voluntary. Specifically, Julius alleged that "the presiding judge had completely destroyed the defendant's will and the defendant's ability to rationally reason with intelligents [sic] for himself." On Julius's request, Judge Warren recused himself, and Judge John W. Reynolds handled the motion. In response to the section 2255 motion, the government argued that Julius had waived his claim by failing to file a direct appeal. The government also noted that Julius had failed to make a showing of cause and prejudice in his section 2255 motion. Julius first addressed the issue of waiver in his reply to the government's response to the section 2255 motion. Julius explained that he did not appeal because he did not know that he could appeal from a guilty plea. Julius also raised a general ineffective assistance of counsel argument without indicating in what way counsel had been ineffective. The district court noted, without deciding, the government's waiver argument and rejected Julius's claim on the merits. Julius appeals.
 
 
 4
 A section 2255 motion may not substitute for a direct appeal from a guilty plea. See Williams v United States, 805 F.2d 1301, 1306 (7th Cir.1986), cert. denied, 481 U.S. 1039 (1987). Julius may not raise in a habeas petition claims that could have been, but were not, raised earlier unless he can show cause for and prejudice resulting from his failure to raise them. See Norris v. United States, 687 F.2d 899, 901 (7th Cir.1982).
 
 
 5
 Even if Julius's argument that he did not appeal because he did not know that he could appeal were timely raised in the district court, it is insufficient to show cause. A defendant must take an interest in his own defense. See Henderson v. Cohn, 919 F.2d 1270, 1272 (7th Cir.1990). Julius's argument is insufficient to show cause.
 
 
 6
 Similarly, Julius's general allegation of ineffective assistance is insufficient because to establish a claim of ineffective assistance, Julius "must demonstrate that his counsel made 'errors so serious that counsel was not functioning as the "counsel" guaranteed by the sixth amendment.' " Liss v. United States, 915 F.2d 287, 291 (7th Cir.1990) (quoting Strickland v. Washington, 466 U.S. 668, 687 (1984)). Julius gives the ineffective assistance claim some substance for the first time on appeal. He argues that counsel was ineffective in that he advised him that if he did not plead guilty and made the victims come to court and testify, the judge would get mad and give him more time. He also argues that counsel did not discuss with him any evidence or possible defenses. These arguments were not raised in the district court; consequently, they are waived.[1] We will not address the merits. See Patrick v. Jasper County, 901 F.2d 561, 566 (7th Cir.1990).
 
 
 7
 Julius also contends that the district court erred by denying his request for an evidentiary hearing on the section 2255 motion. When a petitioner raises for the first time on collateral review issues that could and should have been raised on direct appeal, the petitioner is not entitled to a hearing unless he can show cause and prejudice. Liss, 915 F.2d at 290 (citing Qualls v. United States, 774 F.2d 850, 851 (7th cir.1985)). As already discussed, Julius cannot do so; therefore, the district court did not err in denying his motion for an evidentiary hearing.
 
 
 8
 Julius finally contends that the district court erred by denying his motion for reconsideration of the denial of the section 2255 motion. Julius argues that the district court failed to consider all the facts alleged in the section 2255 motion. Julius does not specify which facts the district court overlooked. The district court made no obvious error with regard to the facts, and we will not guess which of the facts Julius thinks the district court overlooked. See United States v. Adamo, 882 F.2d 1218, 1230 (7th Cir.1989) (quoting United States v. Williams, 877 F.2d 516, 518-19 (7th Cir.1989)). The district court properly denied the motion for reconsideration.
 
 
 9
 For the foregoing reasons, the judgment of the district court is
 
 
 10
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court int his case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Julius's claim that there was an insufficient factual basis for his guilty plea is likewise waived because it was not raised in the district court