933 F.2d 1012
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Randall A. NEAL, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 89-1418.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 1, 1991.*
Decided May 29, 1991.
 
 Appeal from the United States District Court for the Northern District of Indiana, Hammond Division, No. 88-C-657, James T. Moody, JUDGE.
 N.D.Ind.
 AFFIRMED.
 Before WOOD, JR., COFFEY and MANION, Circuit Judges.
 
 ORDER
 
 1
 Randall A. Neal, a federal inmate, brought this motion under 28 U.S.C. Sec. 2255 to set aside his 1988 conviction for conspiracy against the rights of citizens, in violation of 18 U.S.C. Sec. 241, for racial intimidation, in violation of 42 U.S.C. Sec. 3631(a), and for use of fire to commit a felony, in violation of 18 U.S.C. Sec. 844(h)(1). Neal raised three grounds for relief in the district court: (1) his trial attorney (retained) deprived him of effective assistance in (a) failing to inform him that he could proceed in forma pauperis on appeal and that he could obtain appointed counsel, (b) informing him that there was no valid basis for an appeal, and (c) informing him that he had to pay an additional fee for an appeal; (2) the prosecution improperly split a single offense into three charges; and (3) the district court improperly imposed a consecutive sentence on one of the charges. The district court summarily dismissed the motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, and Neal appealed.
 
 
 2
 Neal's sole argument is that the district court erred in denying his Sec. 2255 motion without a hearing, because he raised a factual issue of whether he timely conveyed his desire to appeal to his attorney. Neal argues that if the district court resolved this issue in his favor, then his attorney's failure to appeal was in violation of Circuit Rule 4 and was presumptively prejudicial of his sixth amendment right to competent counsel.[1] Neal cites no case law to support this argument, other than to quote some general language from Strickland v. Washington, 466 U.S. 668, 692 (1984), about a presumption of prejudice in certain sixth amendment contexts.
 
 
 3
 We conclude that the district court's summary dismissal of Neal's Sec. 2255 motion was proper. See Liss v. United States, 915 F.2d 287, 290 (7th Cir.1990). For even if Neal proved that he asked his attorney to file an appeal, this Circuit has no rule that failure to appeal an appealable judgment is ineffective assistance of counsel per se. See Clay v. Director, Juvenile Div., Dep't of Corrections, 749 F.2d 427, 436 (7th Cir.1984) (Posner, J., concurring), cert. denied, 471 U.S. 1108 (1985). Rather, we have held that the "cause and prejudice" test of Wainwright v. Sykes, 433 U.S. 72 (1977), applies to complete failures to appeal a conviction. See Simmons v. Gramley, 915 F.2d 1128, 1136 (7th Cir.1990) (citing Norris v. United States, 687 F.2d 899, 904 (7th Cir.1982)). This means that Neal "may not raise on collateral attack ... constitutional claims that could have been raised on appeal unless [he] establishes 'cause and prejudice' for his omission." Id. (quoting Johnson v. United States, 838 F.2d 201, 202 (7th Cir.1988)). That being the case, Neal has to satisfy the Wainwright test in order to obtain collateral review of his claims. His failure to even argue cause and prejudice in his opening brief results in waiver of the argument on appeal. See Sere v. Board of Trustees, 852 F.2d 285, 287 (7th Cir.1988).
 
 
 4
 The judgment of the district court is accordingly
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Circuit Rule 4 provides, in pertinent part, that "[t]rial counsel in a criminal case, whether retained or appointed by the district court, is responsible for the continued representation of the client desiring to appeal unless specifically relieved by the court of appeals upon a motion to withdraw for good cause."