937 F.2d 610
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America Plaintiff/Appellee,
v.
Craig Andrew MITRAN, also known as, Andy Craig, Defendant/Appellant.
 No. 90-1316.
 United States Court of Appeals, Seventh Circuit.
 Argued June 18, 1991.
Decided July 10, 1991.
 
 Before BAUER, Chief Circuit Judge, and COFFEY and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Defendant Craig Mitran directly appeals his conviction for possession of weapons in violation of 18 U.S.C. Sec. 922(g), alleging ineffective assistance of counsel. We affirm.
 
 I. FACTS
 
 2
 Mitran was indicted on two counts of possession of weapons in violation of 18 U.S.C. Sec. 922(g), which makes it unlawful for a felon to possess a weapon. The district court conducted a change of plea hearing on December 15, 1989. At the hearing, the district court judge engaged Mitran in a colloquy concerning the voluntariness of his plea. Mitran admitted possessing the weapons and a 1965 felony robbery conviction, but told the district court judge that he did not know his possession of the weapons was illegal because there was a difference between Illinois law and federal law regarding a felon's possession of weapons. Mitran also told the court that he understood the consequences of his guilty plea and that he received effective assistance of counsel in making his decision to plead guilty. After hearing further testimony, the district court accepted Mitran's guilty plea.
 
 
 3
 At the sentencing hearing defense counsel urged the court to consider Mitran's belief that he lawfully possessed the weapons as a mitigating factor when sentencing Mitran. In arguing for mitigation of Mitran's sentence, defense counsel gave an extensive presentation to the court concerning the basis for Mitran's belief that he lawfully possessed the weapons and the differences between a felon's possession of a weapon under Illinois and federal law. In short, counsel informed the court that Mitran believed he could lawfully possess the weapons after he applied for and received an Illinois Firearm Owner's Identification Card ("FOIC"). The government recommended one year and a day imprisonment. The district court, troubled by Mitran's "extensive brushes with the law," and the number and nature of the weapons he pled guilty to possessing[1], disagreed with the government's recommendation and sentenced Mitran to five years imprisonment on count one and five years probation on count two. On appeal, Mitran argues that he was denied effective assistance of counsel when his attorney failed to argue that his conviction violated due process because Illinois law led him to believe that a felon could lawfully possess weapons.
 
 II. ANALYSIS
 A. Collateral Attack on Guilty Plea
 
 4
 Initially, the government contends that Mitran's due process challenge to his conviction is foreclosed by his guilty plea. A guilty plea, entered into intelligently and voluntarily by a defendant represented by competent counsel, may not be collaterally attacked. United States v. Broce, 488 U.S. 563, 569 (1989). However, Mitran raises his due process claim in the context of ineffective assistance of counsel. A defendant may challenge his guilty plea on the ground that counsel's ineffective assistance rendered his plea unknowing or involuntary. Id. at 569. See also Chichakly v. United States, 926 F.2d 624, 627-28 (7th Cir.1991) (reviewing defendant's claim that his attorney acted ineffectively when he advised him to plead guilty); Liss v. United States, 915 F.2d 287, 291 (7th Cir.1990) (reviewing defendant's claim that counsel's ineffectiveness in failing to raise an advice of counsel defense rendered his guilty plea involuntary). Thus, we review Mitran's counsel's failure to assert the alleged due process defense to the possession conviction.[2]
 
 B. Ineffective Assistance of Counsel
 
 5
 We evaluate ineffective assistance of counsel claims under the Strickland v. Washington, 466 U.S. 668 (1984), two-part test. Chichakly, 926 F.2d at 628. First, Mitran must establish that counsel's conduct in failing to raise the alleged defense to his conviction was not "within the range of competence demanded of attorney's in criminal cases." Strickland, 466 U.S. at 687. Second, because Mitran pled guilty he must demonstrate that there is a reasonable probability that, but for counsel's failure to argue that his conviction violated due process, he would have demanded a trial instead of pleading guilty. Liss, 915 F.2d at 291. Additionally, failure to raise a meritless defense does not amount to ineffective assistance of counsel. Id. See also United States v. Madewell, 917 F.2d 301, 304 (7th Cir.1990) ("[i]f a particular trial tactic is clearly destined to prove unsuccessful, then the sixth amendment standard of attorney competence does not require its use").
 
 
 6
 1. The Due Process Defense.
 
 
 7
 Mitran argues that his attorney rendered ineffective assistance of counsel by failing to argue that his conviction under 18 U.S.C. Sec. 922(g) violated due process. Mitran's alleged due process defense is that Illinois law misled him into believing that he could lawfully possess weapons even though he had a prior felony conviction. Mitran contends that, had his attorney asserted this defense to his conviction, there is a reasonable probability that he would not have pled guilty. In support of his claim Mitran alleges that he received an Illinois FOIC in 1984 which permitted him to own weapons despite his prior felony conviction. Also, Mitran points out that in contrast to federal law, which prohibits any person convicted of a felony punishable by more than one year in prison from possessing a weapon (see 18 U.S.C. Sec. 922(g)), in 1984, Illinois law permitted a felon to possess weapons unless "he has been convicted of a felony ... within 5 years from release from the penitentiary or within 5 years of conviction if penitentiary sentence has not been imposed." Ill.Rev.Stat. ch. 38, para. 24-3.1 (1983).
 
 
 8
 In United States v. Oliver, 683 F.2d 224, 229 (7th Cir.1982), this court rejected Mitran's claim that the conflict between federal and Illinois law concerning a felon's possession of a weapon is a defense to Sec. 922(g). While this court noted that the conflict between the federal and the state law was unfair, it nevertheless held that "the federal statute governs ... and takes precedence over any other related state law." Id. at 230. Cf. United States v. Sutton, 521 F.2d 1385, 1389 n. 8 (7th Cir.1975) (Illinois FOIC does not amount to express authorization permitting a felon to possess weapons under federal law). Moreover, we recently reiterated that it is not a defense to 18 U.S.C. Sec. 922(g) that the defendant lawfully possessed the weapon in question under Illinois law. United States v. PetitJean, 883 F.2d 1341, 1347 (7th Cir.1989). In Petitjean, this court upheld the defendant's conviction under Sec. 922(g) despite his contention that Illinois law allowed him to own the weapon. Id. In so holding, this court noted that "[w]hether or not the weapon is unlawfully being carried under state law ... had nothing to do with whether Sec. 922(g) is being violated." Id. Lawful possession of weapons under Illinois law is a meritless defense to a conviction under Sec. 922(g). Thus, failure to raise this defense does not amount to either "cause" or "prejudice" under Strickland.[3] Liss, 915 F.2d at 287.
 
 
 9
 Mitran attempts to distinguish his case from Oliver by arguing that not only was his conduct lawful in Illinois, but also that Illinois law misled him into believing that he could lawfully possess weapons as a felon by issuing him an FOIC. Mitran asserts that the due process clause allows such a defense and cites a number of cases dealing with the defense of entrapment by estoppel in support of his claim. Mitran fails to fully develop the defense of entrapment by estoppel on appeal, but, to the extent that it is argued, it is inapplicable to this case.
 
 
 10
 The entrapment by estoppel defense is derived from the due process clause and applies when a defendant reasonably relies on an official's erroneous statements that certain conduct is legal. United States v. Austin, 915 F.2d 363, 366 (8th Cir.1990). Courts have applied this defense to situations in which an official with the authority to interpret the law involved erroneously tells the defendant that his conduct is lawful. See Cox v. Louisiana, 379 U.S. 559 (1965) (defendants' state law convictions for picketing across the street from the courthouse reversed because state official gave the defendants permission to picket at that location); Raley v. Ohio, 360 U.S. 423 (1959) (Court overturned defendants' state law convictions because state official mistakenly led defendants to believe that their conduct was lawful); United States v. Tallmadge, 829 F.2d 767, 773-75 (9th Cir.1987) (defendant's conviction for possession of firearms under Sec. 922(g) reversed because federally licensed firearms dealer told him that he could lawfully purchase firearms despite a prior felony conviction). But see Austin, 915 F.2d at 366 (holding that federally licensed firearms dealers are not public officials for purposes of entrapment by estoppel defense).
 
 
 11
 The facts of this case do not merit application of the defense of entrapment by estoppel. The Illinois FOIC makes no reference to possession of weapons under federal law. Indeed, it cautions the holder that the card does not "permit bearer to Unlawfully [sic] carry or use firearms." Moreover, Mitran cannot rely on the pronouncements of state officials as to the lawfulness of his conduct under federal law. United States v. Etheridge, 1991 U.S.App.Lexis 7841, pp. 2-4 (4th Cir. April 30, 1991); United States v. Bruscantini, 761 F.2d 640, 641-42 (11th Cir.1985). This is particularly true because, as stated in Petitjean, 883 F.2d at 1347, a conviction under Sec. 922(g) does not turn on an interpretation of state law. Bruscantini, 761 F.2d at 641. Compare United States v. Brady, 710 F.Supp. 290, 294-96 (D.Colo.1989) (overturned defendant's federal conviction when he relied on the advice of a state trial judge because the judge "was constitutionally obligated to apply federal law when he gave advice to the defendant"). Thus, the entrapment by estoppel defense does not apply to this case, and counsel did not perform ineffectively in failing to raise it. Liss, 915 F.2d at 291.
 
 III. CONCLUSION
 
 12
 For the reasons stated, the defendant's conviction and sentence is
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 Mitran pled guilty to the possession of six weapons, three of which were semi-automatic
 
 
 [2]
 The government, citing United States v. Fisher, 772 F.2d 371, 373 (7th Cir.1985), argues that, because Mitran pled guilty, the record is insufficient to review his ineffective assistance of counsel claim. While it is true that "appellate courts generally do not consider claims of ineffective assistance of counsel on direct appeal from guilty pleas," id. at 373, in this case the record is sufficient to determine whether counsel's failure to raise the due process defense prejudiced the defendant. See id. (court considered whether defendant established that counsel's failures prejudiced him even though many of defendant's allegations remained outside the record). See generally United States v. Taglia, 922 F.2d 413, 417-19 (7th Cir.1991) (discussing the procedural posture of ineffective assistance of counsel claims)
 
 
 [3]
 The sentencing transcript indicates that defense counsel acknowledged that "intended lawful possession is not a defense to a felon-in-possession charge." Thus, he chose to argue that Illinois law misled Mitran in support of mitigation