948 F.2d 1292
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Juan ARENAL, also known as Ricardo J. Armel, Defendant/Appellant.
 No. 90-1710.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 29, 1991.
Decided Nov. 20, 1991.
 
 Before CUMMINGS, CUDAHY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Juan Arenal pleaded guilty to distributing approximately five ounces of cocaine in violation of 21 U.S.C. § 841(a)(1) and was sentenced to a 12-year term in prison. On appeal, Arenal's appointed counsel filed a motion to withdraw, believing any appeal would be frivolous. See Anders v. California, 386 U.S. 738 (1967); United States v. Edwards, 777 F.2d 364 (7th Cir.1985). Pursuant to Circuit Rule 51(a), we notified Arenal of his attorney's motion, to which he responded. Finding no meritorious issue for appeal, we grant counsel's motion to withdraw and dismiss the appeal as frivolous.
 
 
 2
 The plea agreement provided that Arenal would plead guilty to knowingly and intentionally distributing approximately five ounces of cocaine. The plea agreement stated that the maximum penalty would be 20 years in prison, a fine of up to $1,000,000, and a mandatory $50 assessment, but that the sentence would be determined under the Sentencing Guidelines after the Probation Office's appraisal of Arenal's conduct regarding the charge and related matters. The plea agreement also delineated the rights that Arenal was waiving by entering into the agreement. Arenal acknowledged that no other promises were made that were not in the agreement. In exchange for the guilty plea, the government agreed to move to dismiss the other two counts of the indictment against Arenal. The government kept its promise, and the other two counts were dismissed.
 
 
 3
 The presentence report recommended a base offense level of 32 for offense conduct involving between five and 15 kilograms of cocaine, with a two-point enhancement for being a supervisor in a criminal activity involving fewer than five participants, resulting in an adjusted offense level of 34. After hearing testimony, the sentencing judge, contrary to the recommendation in the presentence report, concluded that Arenal had been involved with 3.5 to 4.9 kilograms of cocaine, which made his base offense level 30. The judge also concluded that, although Arenal deserved a two-point enhancement for his major role in drug trafficking, he was also entitled to a two-point reduction for having accepted responsibility. Consequently, his offense level remained 30, and his sentencing range was 121 to 151 months.
 
 
 4
 In the Anders brief, counsel raises the following issues which Arenal conceivably could argue on appeal: 1) the government breached the plea agreement; and 2) the district court erred in determining his sentencing range.
 
 
 5
 Arenal objected to the quantity of drugs in the presentence report, which increased his base offense level. If he had been sentenced for having distributed five ounces of cocaine, his offense level would have only been 18 with a sentencing range of 33 to 41 months. This court has upheld the function of Section 1B1.3 of the Sentencing Guidelines to increase a sentence in proportion to the amount of drugs involved where those quantities were "part of the same course of conduct or common scheme or plan as the offense of conviction." United States v. Rodriguez-Nuez, 919 F.2d 461, 464 (7th Cir.1990) (quoting § 1B1.3(a)(2)). A court may consider quantities of drugs included in counts that were dismissed pursuant to the terms of a plea agreement as well as activity for which a defendant has never been charged or convicted. United States v. Salva, 902 F.2d 483, 488 (7th Cir.1990). Therefore, the district court did not err in considering a larger quantity of drugs than Arenal admitted in the plea agreement. Likewise, the government did not breach its agreement by arguing at sentencing that he had distributed between five and 15 kilograms of cocaine.
 
 
 6
 In Arenal's response to the Anders brief, he raises additional issues. First, he argues that his sentence was based on a false statement made by his codefendant. We accord a sentencing court's determination of credibility of witnesses great deference and, absent clear error, will uphold a factual finding based on credibility. United States v. Osborne, 931 F.2d 1139, 1153 (7th Cir.1991). At the sentencing hearing, the court heard testimony from Arenal's codefendant, Alfred Wilks, Jr. and from Arenal. Wilks testified that on two separate occasions he drove down to Florida with Arenal and on each of those occasions Arenal returned to Milwaukee with three kilograms of cocaine. Wilks also testified that he was present when Arenal sold five ounces of cocaine to an undercover agent. Arenal testified that Wilks was lying and that Arenal was only involved with the five ounces that he sold to an undercover agent. The court believed, in large part, Wilks' testimony and found that Arenal was a major drug trafficker, concluding that at least 3.5 kilos of cocaine were involved, "and perhaps much more." The district court's cautious finding was not clearly erroneous.
 
 
 7
 In his response, Arenal raised the issue of ineffective assistance of counsel because his counsel never filed any motions on his behalf. To prove an ineffective assistance of counsel claim, Arenal would have to establish that his counsel's assistance was constitutionally deficient and that the outcome of his case was prejudiced by counsel's deficiency. Strickland v. Washington, 466 U.S. 668, 687 (1984). Since this is a guilty plea setting, Arenal would have to demonstrate that he would have insisted on going to trial in the absence of his counsel's errors. Liss v. United States, 915 F.2d 287, 291 (7th Cir.1990). Arenal does not argue, however, that he would have insisted on going to trial--rather, his gripe throughout this appeal is that he pleaded guilty to distributing five ounces of cocaine and should have been sentenced on that basis. Moreover, Arenal does not explain what motions his counsel should have filed on his behalf. On this record, an ineffective assistance of counsel claim would have no merit.
 
 
 8
 Finally, Arenal argues that because he did not get an interpreter until the sentencing hearing, he did not understand the consequences of his guilty plea. A guilty plea must be knowing and voluntary. Boykin v. Alabama, 395 U.S. 238, 242 (1969). The change of plea hearing transcript of March 15, 1989 indicates that an interpreter was present. The interpreter informed the court that Arenal had asked her to translate only what he did not understand. The court asked Arenal's counsel if that was his understanding, and he responded "yes." In addition, counsel stated that Arenal is fluent in English. At the plea hearing, the court asked Arenal if he had sufficient opportunity to discuss his case with his lawyer. Through his interpreter, Arenal answered "yes." The government presented its offer of proof, and Arenal admitted the truth of the factual basis of the offense. The court explained what the maximum penalty was and that the Sentencing Guidelines applied to his case. Arenal testified under oath that no one had threatened or forced him to plead guilty. During the entire Rule 11 colloquy, the interpreter was available to Arenal, and, in fact, the record indicates that the interpreter did assist him occasionally, as he answered some of the court's questions through the interpreter. There is no merit to Arenal's contention that his plea was not knowing or voluntary because an interpreter was not available to him.[1]
 
 
 9
 There are no nonfrivolous grounds for an appeal in this case. Therefore, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.[2]
 
 
 
 [1]
 There was no interpreter at the September 6, 1989 proceeding at which Arenal objected to certain statements in the presentence report. Arenal requested an interpreter, and one was present at the February 15, 1990 proceeding as well as at the sentencing hearing on March 15, 1990
 
 
 [2]
 Given our disposition in this case and considering the factors set forth in Maclin v. Freake, 650 F.2d 885 (7th Cir.1981), Arenal's motion for appointment of counsel is DENIED