USCA1 Opinion

 

 March 2, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-2281 J. MICHAEL ANY, Petitioner, Appellant, v. UNITED STATES OF AMERICA, Respondent, Appellee. ____________________ No. 94-1340 J. MICHAEL ANY, Plaintiff, Appellant, v. UNITED STATES OF AMERICA, Defendant, Appellee. _____________________ APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Rya W. Zobel, U.S. District Court Judge] _________________________ ____________________ Before Selya, Cyr and Boudin, Circuit Judges ______________ ____________________ J. Michael Any on brief pro se. ______________ Donald K. Stern, United States Attorney, and Nadine Pelegrini, ________________ _________________ Assistant United States Attorney, on brief for appellee. ____________________ ____________________  Per Curiam. J. Michael Any ("appellant") appeals pro se __________ ___ __ the denial of his petition under 28 U.S.C. 2255 to vacate his conviction, as well as his motion under Fed. R. App. P. 10(e) to correct the record. We affirm. BACKGROUND On March 20 1990, a federal indictment was returned charging appellant, Barney Canada, and Gayle Canada with operating an "advance fee" scheme in which they allegedly defrauded potential borrowers by falsely representing that they could arrange financing for them and then, when the financing did not occur, refusing to refund the advance fees. Appellant, in particular, was charged with one count of conspiracy, see 18 U.S.C. 371, twelve counts of wire fraud, ___ see 18 U.S.C. 1343, and one count of mail fraud, see 18 ___ ___ U.S.C. 1341. Some time thereafter, appellant made a massive proffer of documentary evidence to the government. Initial plea negotiations apparently failed. On July 17, 1990, a superseding indictment was returned which charged appellant with an additional count of wire fraud. The trial began on March 4, 1991. In its opening, the government outlined a complex scheme to defraud which began in early 1987 when co-defendant Barney Canada set up various shell corporations, including a merchant bank on the Caribbean island of Saint Kitts, and advertised in various newspapers that he could fund or arrange funding for large -2- commercial projects. Sometime in late 1987, Canada enlisted appellant in his plan. At the time, appellant was employed by ComFed Advisory Group, a subsidiary of ComFed Savings Bank. During late 1987 and early 1988, after having been terminated by ComFed, appellant held himself out to potential borrowers as a manager at ComFed and falsely represented that ComFed would provide them with funding. Appellant also set up an account at the Bank of Boston called the ComFed Advisory Client Group account. Prospective borrowers, whose advance fees were placed in this account, were misled into believing that their money was being held in safe escrow by ComFed Savings Bank. In February or March 1988, appellant took over and operated through the bank on Saint Kitts even though it was never licensed. During the course of the conspiracy, appellant and Canada misled potential borrowers in many ways. Among other things, they misrepresented their background and experience; demanded large advance fees, which were to be held in safe escrow but were, in fact, converted to their personal use; and made no valid attempts to arrange financing for their clients. For his part, defense counsel painted a very different picture. He submitted that the evidence would show that appellant was a "patsy," who was lulled into believing that what Canada was doing was legitimate, in part, by appellant's past dealings with Canada, but also by Canada's employment of -3- 3 a well-appointed Boston law firm and his association with former Senator Vance Hartke of Indiana. Defense counsel further submitted that appellant spent a lot of money and a lot of time actively attempting to arrange loan packages, that he had no intent to defraud, and that appellant, himself, was defrauded by Barney Canada. During five days of trial, the government submitted evidence which strongly showed that appellant was a knowing participant in the scheme to defraud. On the sixth day of trial, near the close of the government's case, appellant expressed his desire to plead guilty. After conducting a thorough colloquy, in accord with Fed. R. Crim. P. 11, the district court accepted the change of plea. Appellant admitted, under oath, that potential borrowers had got the "run around." He also indicated that he was satisfied with trial counsel's representation and that his change of plea was voluntary. On May 23, 1991, appellant was sentenced to eighteen months imprisonment, followed by a period of supervised release. There was no direct appeal. On February 23, 1993, appellant filed a pro se petition ___ __ to vacate his conviction under 28 U.S.C. 2255 alleging ineffective assistance of trial counsel, prosecutorial misconduct, and lack of jurisdiction. The petition was later amended to allege, as a fourth ground for relief, the denial of appellant's rights to due process and compulsory process -4- 4 based on trial counsel's alleged failure to subpoena "indispensable witnesses" and the government's alleged failure to extend immunity to these witnesses. With his petition, appellant filed initial and continuing affidavits, as well as seven volumes of documentary evidence. On March 1, 1993, appellant filed various motions including a motion for the appointment of "assistant" counsel, for the production of grand jury minutes documenting attendance and voting, for the production of trial transcripts [at government expense], and for an evidentiary hearing and oral argument for the purpose of introducing "documentary evidence without limitation." These motions were denied. In May 1993, appellant filed a motion for summary judgment, a discovery request, and a motion for expansion of the record to include all documentary materials referred to in the initial and continuing affidavits. The district court denied these motions on September 16, 1993. On September 21, 1993 the district court denied the 2255 petition. Appellant filed a timely notice of appeal. On March 14, 1994, after filing his appellate brief, appellant filed a motion in the district court under Fed. R. App. P. 10(e) for correction of the transcript of the change of plea hearing. Appellant alleged that this transcript omitted a statement that he had made in open court protesting his innocence and blaming his attorney for failing to procure -5- 5 witnesses. In opposition, the government provided the district court with a statement from the court reporter re- certifying the accuracy of the transcript based on his review of his notes and the voice recording of the plea colloquy. The government also submitted an affidavit by the prosecutor on appeal attesting to the accuracy of the transcript based on her own review of the voice recording. The district court denied the Rule 10(e) motion without evidentiary hearing, and appellant appealed. We subsequently granted appellant's motion to consolidate the two appeals. DISCUSSION As an initial matter, we observe that when a dispute concerning the accuracy of the record has been submitted to the district court, "the court's determination is conclusive `absent a showing of intentional falsification or plain unreasonableness.'" United States v. Serrano, 870 F.2d 1, 12 _____________ _______ (1st Cir. 1989) (quoting United States v. Mori, 444 F.2d 240, _____________ ____ 246 (5th Cir.), cert. denied, 404 U.S. 913 (1971)). There ____________ has been no such showing here, and appellant fails to advance any persuasive reason why an evidentiary hearing on his Rule 10(e) motion was necessary. Accordingly, we reject appellant's argument that the district court erred in denying his Rule 10(e) motion, and we accept the transcript of the change of plea hearing as an accurate record. -6- 6 We turn next to appellant's allegations that his trial counsel rendered ineffective assistance. A defendant who pleads guilty and later seeks to set aside his conviction based on inadequate counsel must demonstrate that his counsel's performance fell below an objective standard of reasonableness and "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. ____ ________ 52, 56-59 (1985). We accept statements made by the accused in a change of plea proceeding as true, unless he offers "credible, valid reasons why a departure from those earlier contradictory statements is now justified." Hernandez- __________ Hernandez v. United States, 904 F.2d 758, 762 (1st Cir. 1990) _________ _____________ (quoting United States v. Butt, 731 F.2d 75, 80 (1st Cir. _____________ ____ 1984)). Applying these standards, we cannot say that the district court erred in rejecting appellant's claim of ineffective assistance based on "distracted" and "unprepared" counsel. Appellant's principal complaint is that his trial counsel did not have a "working knowledge" of the one hundred and twenty-five volumes of documentary evidence appellant provided him and failed to ensure that appellant had the witnesses he needed in his defense. However, trial counsel's performance before and during the five days of trial demonstrates that he was focused and well-prepared. Counsel -7- 7 filed many pre-trial motions on appellant's behalf, effectively cross-examined the government's witnesses, and introduced numerous documents into evidence. Counsel also submitted a proposed witness list of approximately thirty witnesses and subpoenaed three out-of-state witnesses, including Senator Vance Hartke, Jan Hartke, and Bob Schatz. Moreover, appellant fails to offer any valid reason which would explain why he expressed his satisfaction with trial counsel at the plea colloquy when he now claims that he was forced to plead guilty because of trial counsel's incompetence. In particular, we reject appellant's suggestion that he was misled when trial counsel advised him that attorneys Barry Klickstein and Paul Roberts, members of the law firm employed by Barney Canada, would be unavailable to testify on appellant's behalf. Although these attorneys had indicated their intention, if called as witnesses, to exercise their Fifth Amendment privilege, appellant argues that there are various ways his attorney could have resolved the dilemma. Evaluating trial counsel's practical advice, as we must, from his perspective at the time, we cannot say that it fell below an objective level of competency. Klickstein and Roberts appeared to be additional targets of the government's investigation, making it unlikely that the government would seek formal immunity for them. See 18 ___ U.S.C. 6003. In addition, most courts have held that -8- 8 judges are powerless to confer immunity. United States v. _____________ Angiulo, 897 F.2d 1169, 1191 (1st Cir.) (collecting cases), _______ cert. denied, 498 U.S. 845 (1990).1  ____________ Appellant also urges that his trial counsel was ineffective because he operated under a conflict of interest. According to appellant, trial counsel was a former colleague of attorney Bruce Singal, who had represented appellant during some of the period covered by the indictment. It appears from the materials filed that appellant hired Attorney Singal on or about the time the FBI began to investigate the financing scheme. Appellant also alleges that trial counsel went to law school with Jan Hartke, the son of Senator Vance Hartke. Senator Hartke, also an attorney, had been hired as a special consultant to the bank on Saint Kitts. Appellant apparently wished to call both Senator Hartke and Attorney Singal in support of a defense of advice of counsel, but trial counsel advised against it. Appellant now suggests that trial counsel's advice proceeded from his loyalty towards Singal and to the Hartkes, and that it conflicted with appellant's interests.  ____________________ 1. Although a trial judge might refuse to entertain the prosecution if it found that defense testimony had been thwarted by prosecutorial misconduct, see United States v. De ___ _____________ __ La Cruz, 996 F.2d 1307, 1313 (1st Cir.), cert. denied, 114 S. _______ ____________ Ct. 356 (1993), there would have been, in this case, no apparent basis to urge such a finding. -9- 9 To demonstrate an actual conflict of interest, a defendant must show that a defense strategy or tactic inherently in conflict with his attorney's other loyalties possessed sufficient substance to be a viable alternative. United States v. Fahey, 769 F.2d 829, 836 (1st Cir. 1985). ______________ _____ Based on the record, we do not think that appellant has sustained this burden. There is no evidence, and appellant does not allege, that either Hartke or Singal were kept fully informed of all important and material facts or that appellant acted strictly in accord with their advice in his dealings with prospective borrowers. See Liss v. United ___ ____ ______ States, 915 F.2d 287 (7th Cir. 1990) (setting forth elements ______ of "advice of counsel" defense). Indeed, based on appellant's affidavits and exhibits, it appears that Hartke and Singal had limited roles as legal counsel in the instant matter. Hartke allegedly provided some guidance to the bank on Saint Kitts during its "early affairs." Singal was hired after most of the acts charged in the indictment had already taken place.2 Since an advice of counsel defense built upon  ____________________ 2. In one of the exhibits filed below, appellant states that he employed Attorney Singal between June and August 1988. Most of the acts charged in the indictment occurred during 1987 and the first half of 1988. -10- 10 their testimony was not a viable alternative, we do not find an actual conflict of interest.3 We need not linger long on appellant's allegations of prosecutorial misconduct. Appellant contends, inter alia, _____ ____ that the prosecution employed perjured testimony before the grand jury, failed to present exculpatory evidence to the second grand jury, engaged in selective prosecution, and failed to grant immunity to witnesses essential to his defense. We express no opinion on the merits of these claims. A knowing and voluntary guilty plea waives all nonjurisdictional defects. United States v. Broce, 488 U.S. ______________ _____ 563, 569 (1989); Valencia v. United States, 923 F.2d 917, 920 ________ _____________ (1st Cir. 1991). Since appellant has made no persuasive argument that actions by the prosecution rendered his guilty plea involuntary, his claims based on prosecutorial misconduct are foreclosed. Finally, we turn to appellant's argument that the district court should have granted him an evidentiary hearing. Under Rule 4 of the Rules Governing Proceedings in the U.S. District Courts under 2255, the district court was entitled to dismiss the petition if it appeared "from the face of the motion and any annexed exhibits and the prior  ____________________ 3. We add that trial counsel's advice against proceeding with Senator Hartke as a witness appears to have been a strategic decision. Hartke had indicated that he would "bury" appellant if called to testify. -11- 11 proceedings in the case that the movant is not entitled to relief . . . " We have clarified that when, as in this case, a 2255 petition is presented to the judge who presided over the trial, "the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings thereon without convening an additional hearing." United States v. _____________ McGill, 11 F.3d 223, 225 (1st Cir. 1993).  ______ In the instant case, the familiarity of the judge with the case obviated the need for an evidentiary hearing. In particular, we reject appellant's suggestion that he was entitled to an evidentiary hearing so that he could introduce documentary material "without limitation." Based on his affidavits, appellant had assembled this material and presented it to trial counsel prior to the change of plea hearing in which he indicated his satisfaction with counsel's representation. Since the district court was entitled to accept his statements at the Rule 11 proceeding as true, it could properly reject his claim of inadequate assistance without further inquiry into the contents of these materials or counsel's alleged failure to master them. We add that to the extent these documentary materials were relevant to appellant's claims of prosecutorial misconduct, no -12- 12 evidentiary hearing was necessary since these claims are waived.4 Having found that the district court properly rejected the instant petition based upon the papers filed and the prior proceedings, we need not discuss in detail appellant's claim that he was entitled to summary judgment in his favor. We observe, however, that any failure by the government to adequately respond to appellant's filings does not, as he suggests, automatically entitle him to relief. Cf. Jaroma v. ___ ______ Massey, 873 F.2d 17, 20 (1st Cir. 1989) (stating that the ______ district court cannot grant a motion for summary judgment merely for lack of any response by the opposing party). In so observing, we express no opinion on whether the government's response was adequate or inadequate. We have carefully considered appellant's remaining arguments and reject them as without merit. Affirmed.  ________  ____________________ 4. For the same reasons, we think that the district appropriately denied appellant's request to expand the record to include these documents. -13- 13